# NO. 12-14-00147-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

|                        |   |                        |
|------------------------|---|------------------------|
|                        | § |                        |
| *IN RE: D. A. B.,*     | § | *ORIGINAL PROCEEDING*  |
| *A JUVENILE*           | § |                        |

***MEMORANDUM OPINION***
***PER CURIAM***

Relator, D.A.B., has filed a postconviction petition for writ of habeas corpus seeking relief from his conviction for aggravated robbery. We dismiss for want of jurisdiction.

## BACKGROUND[1]

On July 15, 2008, D.A.B., a juvenile, was detained on a charge of aggravated robbery. He was subsequently prosecuted and convicted for the offense and sent to the Texas Youth Commission. Later, he was transferred to the Texas Department of Criminal Justice–Institutional Division, where he is presently incarcerated.

On February 7, 2013, D.A.B. filed a petition for writ of habeas corpus in the juvenile court alleging new evidence of actual innocence and prosecutorial misconduct. The juvenile court conducted an evidentiary hearing, and eleven months later, forwarded findings of fact and conclusions of law to the Texas Court of Criminal Appeals. That court dismissed the writ for want of jurisdiction. The juvenile court then directed the Angelina County District Clerk to forward the court's findings of fact and conclusions of law, along with the reporter's record of the evidentiary hearing, to the Texas Supreme Court. According to D.A.B., that court is

---

[1] The facts recited in this section are derived solely from D.A.B.'s habeas petition.

"holding the Writ filed [on] April 12, 2014]" pending this court's disposition in the instant proceeding.

## DISCUSSION

A person confined pursuant to an adjudication and disposition in juvenile court is entitled to seek habeas corpus relief in the appropriate court. *See* TEX. FAM. CODE ANN. § 56.01(o) (West 2014). However, the circumstances under which this court has original habeas jurisdiction are narrow. Specifically, this court has original jurisdiction to issue a writ of habeas corpus only when it appears that a person is restrained in his liberty "by virtue of an order, process, or commitment issued by a court or judge because of the violation of an order, judgment, or decree previously made, rendered, or entered by the court or judge in a civil case." *See* TEX. GOV'T CODE ANN. § 22.221(d) (West 2004).

We do, however, have jurisdiction to review, by direct appeal, a trial court's denial of a juvenile's postconviction petition for writ of habeas corpus. *See generally, e.g.*, **In re M.P.A.**, No. 03-08-00337-CV, 2010 WL 2789649 (Tex. App.–Austin July 14, 2010) (mem. op.), *rev'd in part and remanded on other grounds*, 364 S.W.3d 277 (Tex. 2012); **In re J.W.A.**, No. 03-03-00464-CV, 2005 WL 2574024 (Tex. App.–Austin Oct. 13, 2005, no pet.). D.A.B. did not file a notice of appeal in this case. Moreover, D.A.B.'s habeas petition does not meet the requirements for a notice of appeal. *See* TEX. R. APP. P. 25.1. But even if we could construe the petition as a notice of appeal, we cannot determine from the documents provided that an appealable order, such as an order denying habeas relief, has been signed. *See* TEX. R. APP. P. 25.1(d)(2) (requiring that notice of appeal state date of judgment or order appealed from).

## CONCLUSION

This court lacks original jurisdiction to issue a writ of habeas corpus under the facts presented here. Moreover, D.A.B.'s habeas petition cannot be construed as a notice of appeal. Accordingly, we ***dismiss*** D.A.B.'s petition for writ of habeas corpus. *See* TEX. GOV'T CODE ANN. § 22.221(d).

Opinion delivered June 11, 2014.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(PUBLISH)

2



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

JUNE 11, 2014

NO. 12-14-00147-CV

**D. A. B.,**
Relator
V.
**THE STATE OF TEXAS,**
Respondent

## ORIGINAL PROCEEDING

ON THIS DAY came to be heard the petition for writ of habeas corpus filed by D.A.B., who is the defendant in Cause No. JV-3647, pending on the docket of the County Court at Law #1 of Angelina County, Texas. Said petition for writ of habeas corpus having been filed herein on June 4, 2014, and the same having been duly considered, because it is the opinion of this Court that this Court lacks original jurisdiction to issue a writ of habeas corpus, it is therefore CONSIDERED, ADJUDGED and ORDERED that the said petition for writ of habeas corpus be, and the same is, hereby **DISMISSED FOR WANT OF JURISDICTION.**

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*